RECEIVED
APR 1 4 2011
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WTC FARMS, INC. | CIVIL ACTION NO: 10-CV-01136 |
| VERSUS | JUDGE DONALD E. WALTER |
| PETROHAWK OPERATING COMPANY | MAGISTRATE JUDGE HORNSBY |

## ORDER

The Court, *sua sponte*, considers whether it has the requisite jurisdiction over the above captioned matter. For the reasons stated herein, the Court finds that it lacks jurisdiction and pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to the 39th Judicial District Court, Parish of Red River, State of Louisiana.

Title 28 U.S.C. § 1332(a) expressly limits a district court's diversity jurisdiction to civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. "If at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove a cause of action from state to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction is proper. *See Manguano v. Prudential Property and Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The burden of proof as to the amount in controversy may be satisfied in two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

WTC Farms, Inc. ("WTC") did not include a damage figure in its complaint, which is consistent with Louisiana law prohibiting a plaintiff from pleading a specific amount of monetary damages. *See* La. Code Civ. Proc. art. 893. Thus, it is not facially apparent to the Court that WTC's claim is likely to exceed the $75,000 minimum amount. [Doc. #1-3]. Petrohawk Operating Inc. ("Petrohawk") filed a notice of removal that states "to the extent necessary to demonstrate that the amount in controversy exceeds the requisite jurisdiction amount, Petrohawk [] shows that the unit well costs at issue, attributable to the claimed interest of the Petitioner, exceeds the jurisdictional amount[]." [Doc. #1]. Petrohawk's costs attributable to WTC for the drilling operations are inconsequential. The amount of controversy is determined by the value of the object to the plaintiff, commonly known as the plaintiff-viewpoint rule, which has been consistently followed in the Fifth Circuit. *See Garcia v. Koch Oil Co.*, 351 F.3d 636, 640 n.4 (5th Cir. 2003). Petrohawk will continue the status quo of collecting a contribution from WTC for its attributable share of the costs of the drilling operations from any mineral production unless WTC is successful in proving a failure by Petrohawk to properly provide production reports. *See* La. R.S. §§ 30:103, 103.1, and 103.2.

It is has become clear to the Court upon review of WTC's Motion for Summary Judgment that the maximum amount in controversy in this matter is $50,652.23, exclusive of interests and costs. [Doc. #13].

**IT IS ORDERED**, that this cause of action is **REMANDED** to the 39th Judicial District Court, Parish of Red River, State of Louisiana.

**THUS DONE AND SIGNED**, this 13 day of April, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE